AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__SOUTHERN__ District of __NEW YORK__

EMMANUEL NESTANT

V.

THE CITY OF NEW YORK, OMAR ALMOZAR, ADRIAN CASTILLO, EBONY CHANCE and JASON WILSON,

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07 CV 6016

JUDGE LYNCH

TO: (Name and address of Defendant)

THE CITY OF NEW YORK: 100 Church Street, New York, NY 10007

OMAR ALMOZAR, ADRIAN CASTILLO, JASON WILSON and EBONY CHANCE: c/o NYC Dept. of Homeless Services, 33 Beaver Street, 17th Floor, New York 10005

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

SIVIN & MILLER, LLP
170 Broadway, Suite 600
New York, NY 10038
(212) 349-0300

an answer to the complaint which is served on you with this summons, within __twenty__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**
CLERK

DATE  JUN 2 6 2007

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
EMMANUEL NESTANT,

          Plaintiff,

         -against-

THE CITY OF NEW YORK, OMAR
ALMOZAR, ADRIAN CASTILLO,
EBONY CHANCE and JASON WILSON,

         Defendants.
----------------------------------X

COMPLAINT

Trial by Jury Demanded

JUN 2 6 2007

    Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, defendants were and are citizens of the State of New York

3. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983.

4. That at all time herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

5. That on March 22, 2007, prior to the institution of this action, and within one year and ninety days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City on behalf of plaintiff; that by order of the Supreme Court, New York County, dated May 25, 2007, plaintiff was granted leave, *nunc pro tunc*, to serve the aforementioned notice of claim on the City in connection with this matter; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented, and the City has neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

6. That at all times herein mentioned, the City operated, managed, maintained and controlled the New York City Department of Homeless Services (hereinafter "DHS").

7. That at all times herein mention, Omar Almozar (hereinafter "Almozar"), Adrian Castillo (hereinafter "Castillo"), Ebony Chance (hereinafter "Chance"), and Jason Wilson (hereinafter "Wilson") were and are employed by the City and DHS.

8. That at all times herein mentioned, Almozar, Castillo, Chance and Wilson were acting within the course and scope of their employment with the City and DHS.

9. That at all times herein mentioned, Almozar, Castillo, Chance and Wilson were acting under color of state law.

10. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Assault and Battery)

11. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

12. That on or about August 13, 2006, beginning at the Charles H. Gay Center for Men, located in Ward's Island, in the County of New York, City and State of New York, the City, its agents, servants and/or employees, including Almozar, Castillo, Chance and Wilson, assaulted and battered plaintiff.

13. That by reason of the aforesaid assault and battery, plaintiff sustained personal injuries, endured pain and suffering and a loss of

enjoyment of life, and suffered economic loss, all to his damage in the amount of Two Million ($2,000,000) Dollars.

### SECOND CAUSE OF ACTION AGAINST ALMOZAR, CASTILLO, CHANCE and WILSON
(42 USC § 1983 Arising from Assault and Battery)

14. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

15. That by reason of the aforesaid assault and battery, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 USC § 1983 by those, including, Almozar, Castillo, Chance and Wilson, who under color of a statute or regulation of a state, caused plaintiff to be so deprived, all to his damage in the amount of Two Million ($2,000,000) Dollars.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(False Arrest and Imprisonment)

16. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

17. That beginning on or about August 13, 2006, the City, its agents, servants and/or employees, including Almozar, Castillo, Chance and Wilson,

wrongfully and falsely arrested plaintiff and then caused plaintiff wrongfully to be detained and imprisoned until on or about August 24, 2006.

18. That the aforesaid arrest, detention and imprisonment was caused by the City, its agents servants and/or employees, including Almozar, Castillo, Chance and Wilson, without a warrant and without any reasonable or probable cause or belief that plaintiff was in fact guilty of any crime.

19. That by reason of the false arrest, imprisonment and detention, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and business, and was caused to suffer much pain in both mind and body, and to sustain economic loss, all to his damage in the amount of Two Million ($2,000,000) dollars.

### FOURTH CAUSE OF ACTION AGAINST ALMOZAR, CASTILLO, CHANCE and WILSON
(42 USC § 1983 Arising from False Arrest and Imprisonment)

20. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

21. That by reason of the aforesaid false arrest and imprisonment, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York,

and his rights pursuant to 42 USC § 1983 by those, including, Almozar, Castillo, Chance and Wilson, who under color of a statute or regulation of a state, caused plaintiff to be so deprived, all to his damage in the amount of Two Million ($2,000,000) Dollars.

### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Malicious Prosecution)

22. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

23. That beginning on or about August 13, 2006, the City, its agents, servants and/or employees, including Almozar, Castillo, Chance and Wilson, wrongfully and falsely initiated and/or caused to be initiated a criminal prosecution of plaintiff, falsely accusing plaintiff of crimes of which he was innocent.

24. That these defendants did not have probable cause to initiate the criminal prosecution of plaintiff, and the prosecution was initiated by these defendants with malice.

25. That on or about March 12, 2007, in the Criminal Court of the City of New York, County of New York, all of the criminal charges against plaintiff were dismissed on the merits, and the criminal prosecution terminated in plaintiff's favor.

26. That by reason of the aforesaid malicious prosecution, plaintiff was subjected to great indignities, humiliation and ridicule, and was greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and business, and was caused to suffer much pain in both mind and body, and to sustain economic loss, all to his damage in the amount of Two Million ($2,000,000) dollars.

### SIXTH CAUSE OF ACTION AGAINST ALMOZAR, CASTILLO, CHANCE and WILSON
(42 USC § 1983 Arising from Malicious Prosecution)

27. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

28. That by reason of the aforesaid malicious prosecution, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 USC § 1983 by those, including, Almozar, Castillo, Chance and Wilson, who under color of a statute or regulation of a state, caused plaintiff to be so deprived, all to his damage in the amount of Two Million ($2,000,000) Dollars.

### SEVENTH CAUSE OF ACTION AGAINST THE CITY
(Negligent Supervision, Training and Retention)

29. Plaintiff repeats and realleges each and every allegation contained above as hough fully set forth at length herein.

30. That the aforesaid assault and battery, false arrest and imprisonment, and malicious prosecution were the result of the negligence of the City in its hiring, supervision, training, and retention of Almozar, Castillo, Chance, Wilson and any other involved City or DHS officers, all to plaintiff's damage in the amount of Six Million ($6,000,000) Dollars.

### EIGHTH CAUSE OF ACTION AGAINST THE CITY
("Monell" Claim re Negligent Supervision, Training and Retention)

31. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

32. That the City's negligent hiring, supervision, training and retention of Almozar, Castillo, Chance, Wilson and of any other involved City or DHS officers arose to the level of deliberate indifference to the consequences of its actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 USC § 1983, all to his damage in the amount of Six Million ($6,000,000) Dollars.

WHEREFORE, plaintiff demands judgment against defendants, and all of them, as follows: On the First Cause of Action: Two Million ($2,000,000) Dollars; On the Second Cause of Action: Two Million ($2,000,000) Dollars; On the Third Cause of Action: Two Million ($2,000,000) Dollars; On the Fourth Cause of Action: Two Million ($2,000,000) Dollars; on the Fifth Cause of Action: Two Million ($2,000,000) Dollars; on the Sixth Cause of Action: Two Million ($2,000,000) Dollars; on the Seventh Cause of Action: Six Million ($6,000,000) Dollars; on the Eighth Cause of Action: Six Million ($6,000,000) Dollars, and plaintiff demands punitive damages on all causes of action in an amount to be determined by the trier of fact, together with attorney's fees pursuant to 42 USC § 1988, and together with the costs and disbursements of this action.

Dated: New York, New York
       June 25, 2007

>Yours, etc.
>SIVIN & MILLER, LLP
>
>By_____
>Edward Sivin (ES 7351)
>Attorneys for Plaintiff
>170 Broadway, Suite 600
>New York, NY 10038
>(212) 349-0300

Case No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL NESTANT,

        Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

        Defendants.

## COMPLAINT

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
170 Broadway, Suite 600
New York, NY 10038
(212) 349-0300
FAX (212) 406-9462