

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SARAH B. EVANS**
*Assistant Corporation Counsel*
Tel.: (212) 788-1041
Fax: (212) 788-9776

July 19, 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/07

**VIA HAND DELIVERY**

Honorable Gerard E. Lynch
United States District Judge
United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007-1581

Re: <u>Emmanual Nestant v. The City of New York, et al.</u>, 07 CV 6016 (GEL)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendants City of New York and Commissioner Raymond Kelly. In that capacity, I write with the consent of plaintiff's counsel, Edward Sivin, Esq., to respectfully request a sixty-day enlargement of time, from today, July 19, 2007 until September 19, 2007, within which the City of New York may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time.

The complaint alleges that plaintiff was falsely arrested, maliciously prosecuted, and physically assaulted. In addition to the City of New York, plaintiff names New York City Department of Homeless Services Officers Almozar, Castillo, Chance and Wilson as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to do so. An enlargement of time will allow this office to forward to plaintiff for execution an authorization for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to that statute, all records concerning the arrest and prosecution of plaintiff were sealed by court order upon the termination of the criminal action in favor of plaintiff. In addition, because plaintiff claims assault, an enlargement of time will allow us to forward plaintiff a medical release authorizing us to obtain the relevant medical records. Defendant cannot obtain any of these records without the authorizations, and without the records, defendant cannot properly assess this case or respond to the complaint. Accordingly, defendant City requires this enlargement so that this office may obtain the underlying documentation, properly investigate

SO ORDERED

*[signature]*
GERARD E. LYNCH, U.S.D.J.
7/23/07

the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

Moreover, we must ascertain whether the individually named officers have been served with the summons and complaint.[1]  If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the Officer.  Each Officer must then decide whether he wishes to be represented by this office.  See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).  If so, we must obtain the Officer's written authorization.  Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration.

Respectfully submitted,

Sarah B. Evans (SE 5971)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Edward Sivin, Esq. (By fax)
      Sivin & Miller, LLP
      Attorney for Plaintiff
      170 Broadway, Suite 600
      New York, New York 10038
      *Fax*: (212) 406-9462

---

[1] Accordingly to the docket sheet, it appears that Officers Almozar, Castillo, Chance, and Wilson were recently served with copies of the summons and complaint.  This offices makes no representation as to the adequacy of process on these individuals, and to date, they have not requested legal assistance from the Office of the Corporation Counsel.  An enlargement of time will permit this Office to investigate service and resolve representation issues.  Accordingly, without making any representations on these individuals' behalf, and assuming they were properly served, it is respectfully requested that their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.