UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

EMMANUEL NESTANT,

                            Plaintiff,

                -against-

THE CITY OF NEW YORK, OMAR ALMOZAR,
ADRIAN CASTILLO, EBONY CHANCE and JASON
WILSON,

                            Defendants.

------------------------------------------------------------------ x

**ANSWER**

Jury Trial Demanded

07 CV 6016 (GEL)

       Defendants City of New York, Officer Wilson and Officer Chance,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the complaint.

---

[1] From a review of the docket sheet, it appears that the individuals identified in the caption of ... the Office of the Corporation Counsel recently received a request for representation by Officer Castillo in connection with this matter, but due to scheduling conflicts, we have been unable to meet with him to resolve representation issues. We anticipate that we will be able to meet with him within the next two weeks. We respectfully request until November 2, 2007 to resolve representation issues, and if appropriate, to serve and file an answer an answer to the complaint on behalf of OfficerCastillo.

    Additionally, the Office of the Corporation Counsel has not received a request for representation by Officer Almozar, which is required pursuant to General Municipal Law Section 50-k. Notwithstanding, we are currently investigating service on Officer Almozar. Accordingly, we respectfully request until November 2, 2007 to investigate service of the summons and complaint and resolve representation issues, and if appropriate, to serve and file an answer an answer to the complaint on behalf of Officer Almozar. We apologize to the Court and to plaintiff for any inconvenience this request may cause.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

4. Admit the allegations set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that a document purporting to be a Notice of Claim on plaintiff's behalf was received by the Comptroller's Office on or about March 23, 2007, that the claim has not been adjusted, and that the complaint was filed with the Court on or about June 26, 2007.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York maintains a Department of Homeless Services.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Omar Almozar, Adrian Castillo, Ebony Chance and Jason Wilson were employed by the City of New York as a Peace Officers in August 2006.

8. Paragraph "8" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

averments of fact, to which no response is required.

10. Deny the allegations set forth in paragraph "10" in the complaint, except admit that plaintiff purports to proceed as stated therein.

11. In response to the allegations set forth in paragraph "11" of the complaint, defendants repeat and reallege paragraphs "1" through "10" of their answer, as if fully set forth herein.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. In response to the allegations set forth in paragraph "14" of the complaint, defendants repeat and reallege paragraphs "1" through "13" of their answer, as if fully set forth herein.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege paragraphs "1" through "15" of their answer, as if fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege paragraphs "1" through "19" of their answer, as if fully set forth herein.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege paragraphs "1" through "21" of their answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege paragraphs "1" through "26" of their answer, as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege paragraphs "1" through "28" of their answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege paragraphs "1" through "30" of their answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

34. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

35. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the

City of New York is not responsible, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

36. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. The actions of any peace officers involved, including Officers Wilson and Chance, were justified by probable cause and/or reasonable suspicion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

39. Defendants Wilson and Chance have not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, are protected by qualified immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

40. At all times relevant to the acts alleged in the complaint, defendant discretion.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

41. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

42. At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

43. To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

44. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

45. Plaintiff's claims may be barred in part by the applicable statute of limitations period.

**WHEREFORE**, defendants City of New York, Jason Wilson and Ebony Chance, request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 19, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants City of New York, Officer
                                    Wilson and Officer Chance
                                    New York, New York 10007
                                    (212) 788-1041

                            By:     _____
                                    Sarah Evans (SE 5971)
                                    Assistant Corporation Counsel

TO:   Edward Sivin, Esq. (By ECF and mail)

Sivin & Miller, LLP
Attorney for Plaintiff
170 Broadway, Suite 600
New York, NY 10038

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Sarah Evans, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on October 19, 2007, I served the annexed **ANSWER TO THE COMPLAINT** by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Edward Sivin, Esq.
Sivin & Miller, LLP
Attorney for Plaintiff
170 Broadway, Suite 600
New York, NY 10038

Dated: New York, New York
       October 19, 2007

_____
Sarah Evans
Assistant Corporation Counsel

Docket No. 07 CV 6016 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL NESTANT,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, OMAR ALMOZAR, ADRIAN CASTILLO, EBONY CHANCE and JASON WILSON,

                                      Defendants.

## ANSWER TO THE COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendants City of New York, Officer Wilson and Officer Chance
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Sarah Evans*
*Tel: (212) 788-1041*

Due and timely service is hereby admitted.

.................................................... *Esq.*

*Attorney for* ...........................................................