

|  | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | SARAH B. EVANS<br>*Assistant Corporation Counsel*<br>Tel.: (212) 788-1041<br>Fax: (212) 788-9776 |

March 6, 2008

**VIA ECF**

Honorable Gerard E. Lynch
United States District Judge
United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007-1581

      Re: <u>Emmanuel Nestant v. The City of New York, et al.</u>, 07 CV 6016 (GEL)

Your Honor:

      Enclosed please find a STIPULATION AND PROTECTIVE ORDER which has been executed by the parties in the above-referenced matter. We respectfully request that Your Honor endorse the enclosed STIPULATION.

      Thank you for your consideration in this matter.

      Respectfully submitted,

      Sarah B. Evans
      Assistant Corporation Counsel
      Special Federal Litigation Division

Enc.
cc:    Edward Sivin, Esq. (By ECF)
      Sivin & Miller, LLP
      Attorney for Plaintiff
      170 Broadway, Suite 600
      New York, New York 10038

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

EMMANUEL NESTANT,

                           Plaintiff,

-against-

THE CITY OF NEW YORK, OMAR ALMOZAR,
ADRIAN CASTILLO, EBONY CHANCE and JASON
WILSON,

                           Defendants.

------------------------------------------------------------------ x

**STIPULATION AND PROTECTIVE ORDER**

07 CV 6016 (GEL)

      **WHEREAS,** plaintiff has requested that the City of New York provide information and disclose documents pertaining to the personnel and disciplinary history of defendants Adrian Castillo, Ebony Chance, Jason Wilson and the individual identified in the caption of the complaint as "Omar Almozar"; and

      **WHEREAS,** defendants deem this information and these documents confidential; and

      **WHEREAS,** defendants object to the disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiff and defendants as follows:

      1.    As used herein, "Confidential Materials" shall mean the performance evaluations, the Civilian Complaint Review Board records, and any other documents that the defendants may in the future in good faith deem "Confidential Materials" pursuant to this Order because of privacy, law enforcement or governmental interests, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent,

that they are (a) obtained by plaintiff from sources other than defendant, or (b) are otherwise publicly available.

2. The defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's counsel. The defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought by subpoena from third parties, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials" during such reasonable period. The defendants reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to the plaintiff. If plaintiff objects to the designation of particular documents as "Confidential Materials," plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then defendants shall, within ten (10) days of receiving plaintiff's objections, move for an order approving such designation.

3. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled <u>Emmanuel Nestant v. The City of New York et al.</u>, 07 CV 6016 (GEL) ("this action.").

4. Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of their cases in this action.

   b. Disclosure before trial may be made only to the parties, to an expert or experts who has or have been retained or specially

employed by their attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court. In the event a conflict arises between the parties as to whether plaintiff may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the Confidential Materials, plaintiff agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as <u>Exhibit A</u>, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorneys and copies provided to counsel for defendants.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall at defendants request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL."

- 3 -

Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

8. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, and all nonconforming copies, notes, and other materials containing or referring to information derived therefrom, shall, upon defendants' request, be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

9. Nothing in this Stipulation and Protective Order shall be construed to limit

defendants' use of the Confidential Materials in any manner.

10. The parties reserve their rights to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated: New York, New York
2/27, 2008

Edward Sivin, Esq.
Sivin & Miller, LLP
Attorney for Plaintiff
170 Broadway, Suite 600
New York, NY 10038

By: _____
Edward Sivin, Esq.
Attorney for Plaintiff

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York,
Officer Wilson, Officer Chance and Officer Castillo
100 Church Street
New York, New York 10007
(212) 788-1041

By: _____ 3/3/08
Sarah B. Evans
Assistant Corporation Counsel
Special Federal Litigation

SO ORDERED:

_____
U.S.D.J.

- 5 -

## EXHIBIT A

The undersigned hereby acknowledges that he has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 2008 in the action entitled <u>Emmanuel Nestant v. The City of New York et al.</u>, 07 CV 6016 (GEL), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  
Date

_____  
Signature

_____  
Print Name

_____  
Occupation