UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

| | |
|---|---|
| EMMANUEL NESTANT,<br><br>                              Plaintiff,<br><br>                   -against-<br><br>THE CITY OF NEW YORK, OMAR ALMOZAR, ADRIAN CASTILLO, EBONY CHANCE and JASON WILSON,<br><br>                              Defendants. | **ANSWER TO THE COMPLAINT BY ALMANZAR**<br><br>Jury Trial Demanded<br><br>07 CV 6016 (GEL) |

------------------------------------------------------------------- x

Defendant Omar Almanzar (incorrectly identified in the caption of the complaint as "Almozar"),[1] by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the complaint.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

4. Admits the allegations set forth in paragraph "4" of the complaint.

---

[1] Defendants City of New York, Officer Wilson and Officer Chance served and filed an answer to the complaint on or about October 19, 2007, and defendant Castillo served and filed an answer to the complaint on or about October 31, 2007.

5.  Denies the allegations set forth in paragraph "5" of the complaint, except admits that a document purporting to be a Notice of Claim on plaintiff's behalf was received by the Comptroller's Office on or about March 23, 2007, that the claim has not been adjusted, and that the complaint was filed with the Court on or about June 26, 2007.

6.  Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York maintains a Department of Homeless Services.

7.  Denies the allegations set forth in paragraph "7" of the complaint, except admits that Omar Almanzar, Adrian Castillo, Ebony Chance and Jason Wilson were employed by the City of New York as a Peace Officers in August 2006.

8.  Paragraph "8" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

9.  Paragraph "9" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

10. Denies the allegations set forth in paragraph "10" in the complaint, except admits that plaintiff purports to proceed as stated therein.

11. In response to the allegations set forth in paragraph "11" of the complaint, defendant repeats and realleges paragraphs "1" through "10" of this answer, as if fully set forth herein.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. In response to the allegations set forth in paragraph "14" of the complaint, defendant repeats and realleges paragraphs "1" through "13" of this answer, as if fully set forth herein.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendant repeats and realleges paragraphs "1" through "15" of this answer, as if fully set forth herein.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendant repeats and realleges paragraphs "1" through "19" of this answer, as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges paragraphs "1" through "21" of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admit that the charges were dismissed on March 12, 2007.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges paragraphs "1" through "26" of this answer, as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges paragraphs "1" through "28" of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges paragraphs "1" through "30" of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

33. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

34. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

35. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

36. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. The actions of any peace officers involved, including Omar Almanzar, were justified by probable cause and/or reasonable suspicion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

39. Defendant Almanzar has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

40. At all times relevant to the acts alleged in the complaint, defendant Almanzar acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

41. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

44. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

45. Plaintiff's claims may be barred in part by the applicable statute of limitations period.

**WHEREFORE**, defendant Omar Almanzar requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
        April 2, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants City of New York, Officer Wilson, Officer Chance, Adrian Castillo and Omar Almanzar
                              New York, New York 10007
                              (212) 788-1041

                      By:   _____
                              Sarah Evans
                              Assistant Corporation Counsel

TO:   Edward Sivin, Esq. (By ECF and mail)
       Sivin & Miller, LLP
       Attorney for Plaintiff
       170 Broadway, Suite 600
       New York, NY 10038

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Sarah Evans, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on April 2, 2008, I served the annexed **ANSWER TO THE COMPLAINT BY ALMANZAR** by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Edward Sivin, Esq.
Sivin & Miller, LLP
Attorney for Plaintiff
170 Broadway, Suite 600
New York, NY 10038

Dated: New York, New York
       April 2, 2008

                                         */s/ Sarah B. Evans*
                                         Sarah Evans
                                         Assistant Corporation Counsel

Docket No. 07 CV 6016 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL NESTANT,

            Plaintiff,

-against-

THE CITY OF NEW YORK, OMAR ALMOZAR, ADRIAN CASTILLO, EBONY CHANCE and JASON WILSON,

            Defendants.

## ANSWER TO THE COMPLAINT BY ALMANZAR

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for Defendants City of New York, Officer Wilson, Officer Chance, Adrian Castillo and Omar Almanzar
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Sarah Evans*
*Tel: (212) 788-1041*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ......................., 2008

................................................................ *Esq.*

*Attorney for* ................................................