**ENDORSEMENT**
<u>Emmanuel Nestant v. The City of New York, et al.</u>
07 Civ. 6016 (GEL)(HBP)

  Plaintiff's counsel's application that his client be excused from attending the May 13, 2008 settlement conference is granted so long as plaintiff is available by telephone for the duration of the conference. Given the fact that plaintiff resides in Schenectady (more than 100 miles from the courthouse), excusing his presence is consistent with my standard practice. In addition, requiring plaintiff's attendance, while excusing the individual defendants and a representative from the Comptroller's Office, would create an appearance of unfairness and lack of symmetry that would be detrimental to the potential for settlement.

Dated: New York, New York
    April 11, 2008

               SO ORDERED

               _____
               HENRY PITMAN
               United States Magistrate Judge

Copies transmitted to:

Edward Sivin, Esq.
Sivin & Miller, LLP
Suite 600
170 Broadway
New York, New York   10038

Sarah B. Evans, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York   10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-11-08

# SIVIN & MILLER, L.L.P.

Attorneys at Law
170 Broadway
Suite 600
New York, New York 10038

Glenn D. Miller
Edward Sivin *

Phone: (212) 349-0300
Fax:    (212) 406-9462

April 9, 2008

* also member of NJ Bar

<u>Via fax</u>: (212) 805-6111

Magistrate Judge Henry Pitman
United States District Court
Southern District of New York
40 Centre Street
New York, NY 10007

                     Re: Emmanuel Nestant v. The City of New York et. al.
                             07 Civ. 6016 (GEL)(HBP)

Your Honor:

The undersigned represents plaintiff in the above matter. I write in reference to the settlement conference that has been scheduled by the Court at defendants' request.

According to your Honor's rules, the presence in person of <u>parties</u>, as well as their lawyer, is excused only if the party is "in prison or lives far away from New York City." Please note that plaintiff resides in Schenectady, and traveling to and from New York to attend the conference would represent a hardship for him. Accordingly, plaintiff respectfully requests that his presence at the conference be excused. With the Court's permission, plaintiff will be available by telephone for the duration of the conference.

Thank you for your attention to this matter.

                             Very truly yours,

                             Edward Sivin

ES/lo

Cc: Sara Beth Evans, Esq. (via fax)(212) 788-9776



| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **SARAH B. EVANS**<br>*Assistant Corporation Counsel*<br>Tel.: (212) 788-1041<br>Fax: (212) 788-9776 |

April 10, 2008

**VIA FAX**
*Fax:* 212-805-6111
Magistrate Judge Henry Pitman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007-1581

      Re:    Emmanuel Nestant v. The City of New York, et al.,
                07 CV 6016 (GEL) (HBP)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendants City of New York, Officer Wilson, Officer Chance, Adrian Castillo and Omar Almanzar. I write in response to plaintiff's counsel's April 9, 2008 letter to the Court in which he requests that plaintiff's in-person presence at the settlement conference on May 13, 2008 be excused because "plaintiff resides in Schenectady, and traveling to and from New York to attend the conference would represent a hardship for him." Defendants respectfully request that the Court deny plaintiff's request for the reasons explained below.

        As an initial matter, defendants respectfully submit that plaintiff's request is disingenuous. Plaintiff's counsel failed to note in his letter that plaintiff has traveled to and from New York City on at least two other occasions in connection with this lawsuit. Plaintiff traveled to New York City by bus (approximately four hours and for less than $50) to appear for his deposition in this matter on February 21, 2008. Additionally, and notably, plaintiff voluntarily chose to be in New York City to appear at the depositions of two defendant officers on March 6, 2008. Defendants also note that plaintiff testified in his deposition that he lives with his girlfriend in Schenectady, he does not currently have a steady job, but that he has family and friends in New York City with whom he has previously stayed when visiting New York City.

        Furthermore, it is defendants' position that the actual attendance and participation of plaintiff himself at the conference is crucial when engaging in meaningful settlement negotiations. Plaintiff is the individual who commenced the action and alleges various damages,

and therefore, is the only person who can render a final decision as to whether settlement will take place and the amount of compensation for his alleged injuries. While plaintiff's counsel has advised the Court that plaintiff would be available by telephone for the duration of the conference, defendants respectfully submit that plaintiff's in-person presence at the conference is important. In defense counsel's experience, it is often helpful for a plaintiff to hear versions other than his own, both from the defendants' perspective and the Court's. While the advocacy of plaintiff's attorney is important, plaintiff should hear about all the ramifications associated with either settling a case or not, and have a general understanding of the law as it will be applied to the facts of his case. Moreover, given that plaintiff's counsel has a financial stake in the outcome of the case, defendants' counsel has found that it is often helpful for a plaintiff to hear the pros and cons from someone other than his attorney, such as from the Judge and/or the defendants' attorney, in order to make a thorough assessment of his claims and settlement position. Defendants respectfully submit that a settlement conference will likely be more effective with plaintiff's in-person presence required.

For these reasons, defendants respectfully request that the Court deny plaintiff's request and require plaintiff to be present in-person at the May 13, 2008 settlement conference.

To the contrary, defendants respectfully request that the individual defendant officers be excused from attending the May 13, 2008 settlement conference. The reason for this request is that individual officer defendants do not have authority to recommend or approve a settlement. Rather, the City's settlement authority derives from the Comptroller's Office, and the Comptroller's designee can attend by telephone if necessary.

In view of the foregoing, it is respectfully requested that the Court grant the within requests. Thank you for your consideration herein.

Respectfully submitted,

*Sarah B Evans*

Sarah B. Evans
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Edward Sivin, Esq. (By fax)
      Sivin & Miller, LLP
      Attorney for Plaintiff
      170 Broadway, Suite 600
      New York, New York 10038
      *Fax*: 212-406-9462